RECEIVED

JAN 0 5 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN KEITH BRAGG,

        Plaintiff,

v.

CHARLES ELLIS, et al.,

        Defendants.

Civil Action
No. 15-7638 (AET-LHG)

**MEMORANDUM OPINION**

**Thompson, District Judge**

    1.  On October 21, 2015, Brian Keith Bragg, submitted a civil complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 by various employees of the Mercer County Correctional Center ("MCCC"), including its warden, Charles Ellis. (Docket Entry 1). The Court granted his application to proceed in forma pauperis and directed the Clerk to file the complaint. (Docket Entry 2).

    2.  On December 8, 2015, Plaintiff filed a motion for preliminary injunction and temporary restraining order, alleging that since the filing of his complaint, he has been subjected to threats of violence by MCCC staff and inmates. (Docket Entry 4 ¶¶ 3-6). Plaintiff alleged Warden Ellis was non-responsive to his requests for protection. (Docket Entry 4 ¶ 7).

    3.  On December 9, 2015, this Court, having screened the complaint pursuant to 28 U.S.C. § 1915, permitted the complaint

to proceed in part and ordered summonses issued. (Docket Entries 5 and 6).

4.   The Court also ordered Warden Ellis to show cause within 14 days of service as to why an injunction should not issue. (Docket Entry 8, revised by Docket Entry 9).

5.   Plaintiff filed a letter in support of his motion on December 23, 2015, asserting that he was placed into protective custody on December 15, 2015. (Docket Entry 14 at 3). He also stated MCCC Officer Christie told his new cellmates that Plaintiff was a "snitch." (Docket Entry 14 at 3-4). He alleges Warden Ellis has refused to move him to "star protective custody." (Docket Entry 14 at 4).

6.   On December 30, 2015, Plaintiff filed a motion to expedite his motion for preliminary injunction. (Docket Entry 15).

7.   Counsel for Defendants Ellis and Sergeant Kalownoski entered an appearance on January 4, 2016. (Docket Entry 17).

8.   Plaintiff's motion to expedite the Order to Show Cause contains the same factual allegations raised in his initial motion, namely that certain MCCC officers are calling Plaintiff a "snitch" in front of other inmates, and Warden Ellis has not taken corrective action. (*Compare* Docket Entry 4 ¶¶ 3-7, with Docket Entry 15 ¶¶ 1-6).

9. The Court issued an order to show cause to Warden Ellis directing a response within 14 days of service of that order, (Docket Entry 9), and nothing in Plaintiff's motion to expedite suggests a need to expedite the response to the Order. The motion to expedite is denied in that respect.

10. Although the Court shall not order an expedited response to the Order to Show Cause, Plaintiff's motion to expedite his motion shall be granted to the extent that the Court shall schedule a hearing on the motion for the earliest possible time after the submission of a response to the Order to Show Cause.

11. An appropriate Order follows.

1/5/16
Date

ANNE E. THOMPSON
U.S. District Judge