RECEIVED

JAN 22 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN KEITH BRAGG,

    Plaintiff,

v.

CHARLES ELLIS, et al.,

    Defendants.

Civil Action
No. 15-7638 (AET-LHG)

**MEMORANDUM OPINION**

**Thompson, District Judge**

1. On October 21, 2015, Brian Keith Bragg, submitted a civil complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 by various employees of the Mercer County Correctional Center ("MCCC"), including its warden, Charles Ellis. (Docket Entry 1). The Court granted his application to proceed in forma pauperis and directed the Clerk to file the complaint. (Docket Entry 2).

2. On December 8, 2015, Plaintiff filed a motion for preliminary injunction and temporary restraining order, alleging that since the filing of his complaint, he has been subjected to threats of violence by MCCC staff and inmates. (Docket Entry 4 ¶¶ 3-6). Plaintiff alleged Warden Ellis was non-responsive to his requests for protection. (Docket Entry 4 ¶ 7).

3. On December 9, 2015, this Court, having screened the complaint pursuant to 28 U.S.C. § 1915, permitted the complaint

to proceed in part and ordered summonses issued. (Docket Entries 5 and 6).

4. The Court also ordered Warden Ellis to show cause within 14 days of service as to why an injunction should not issue. (Docket Entry 8, revised by Docket Entry 9).

5. Plaintiff filed a letter in support of his motion on December 23, 2015, asserting that he was placed into protective custody on December 15, 2015. (Docket Entry 14 at 3). He also stated MCCC Officer Christie told his new cellmates that Plaintiff was a "snitch." (Docket Entry 14 at 3-4). He alleges Warden Ellis has refused to move him to "star protective custody." (Docket Entry 14 at 4).

6. On January 21, 2016, counsel for Defendants informed the Court that Plaintiff was released from MCCC on January 19, 2016. Defendants are unaware of Plaintiff's present mailing address. (Docket Entry 23). They ask the Court to dismiss Plaintiff's complaint for injunctive relief with prejudice for failure to keep an updated address on file with the Clerk's Office, pursuant to Local Civil Rule 10.1(a). (Docket Entry 23).

7. Local Civil Rule 10.1(a) requires unrepresented parties to notify the Court of any change in address within 7 days. As 7 days have not passed since Plaintiff's release,

2

dismissal or administrative termination under that rule is premature.

8. In the event Plaintiff fails to advise the Court of his new address within the timeframe set forth in Rule 10.1(a), the Court may *sua sponte* impose sanctions, including administrative termination of the complaint. *See, e.g., Allebach v. Cathell*, No. 06-5005, 2009 WL 2147145 (D.N.J. July 15, 2009); *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916 (D.N.J. June 23, 2008). Alternatively, Defendants may file a motion that complies with the Federal Rules of Civil Procedure and Local Civil Rule 7.1.

9. This Court ordered Defendants to show cause regarding Plaintiff's allegations that he was housed in the R&D unit without due process and as punishment for filing lawsuits and grievances, as well as his allegations that he was being subjected to daily threats of physical violence by MCCC staff and inmates. (Docket Entry 5 at 16-17; Docket Entry 9).

10. Article III of the Constitution confers the power to adjudicate "Cases" and "Controversies" upon the federal courts. U.S. CONST. art. III, § 2. "It is axiomatic that the federal courts may not decide an issue unless it presents a live case or controversy." *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).

11. It is also well-established that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he seeks to challenge. *See Degrange v. West*, 196 F. App'x 91, 93 (3d Cir. 2006); *Abdul-Akbar*, 4 F.3d at 206-07; *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981).

12. Plaintiff has been released from the MCCC, and as such, is no longer subject to the allegedly unconstitutional confinement in R&D or threats by MCCC staff and inmates. *See Degrange*, 196 F. App'x at 93.

13. As Plaintiff has been released from custody, the Court cannot grant Plaintiff's requested relief of an order requiring MCCC to release him from the R&D Unit or to establish a plan to protect him.

14. Plaintiff's motion for injunctive relief (Docket Entry 4) shall therefore be dismissed as moot, and the Order to Show Cause shall be vacated. The hearing scheduled for January 29, 2016 shall be adjourned.

15. As the claims against Warden Ellis in his individual capacity were dismissed by the Court pursuant to 28 U.S.C. § 1915, (Docket Entry 6), and the motion for injunctive relief is moot, Warden Ellis shall be dismissed from the proceedings.

4

16. An appropriate Order follows.

_____1/22/16_____          _____
Date                            ANNE E. THOMPSON
                                U.S. District Judge